## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STEVE L. TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **C.A. No.: N22C-02-179 ASB** |
| v. | ) |
| | ) |
| AMERICAN HONDA | ) |
| MOTOR CO., ET AL., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This 15th day of February 2024, upon consideration of Plaintiff's Motion for Reargument and Tenneco Automotive Operating Company's ("Tenneco") Response, it appears to the Court that:

1)       On January 26, 2024, this Court entered an order in this asbestos case granting Summary Judgment to Tenneco on the basis of product nexus. This Court found that Tenneco had produced evidence demonstrating that, during the period of Plaintiff's alleged exposure to Walker mufflers (which are the responsibility of Tenneco), Walker mufflers were both asbestos-free and asbestos-containing. On this basis, the Court applied the standard in *Droz v. Hennessy LLC,*[1] which required that plaintiffs produce evidence that the Walker mufflers, to which plaintiff was exposed, contained asbestos. To meet its burden in *Droz*, Plaintiff presented

---

[1] 275 A.3d 257 (Del. 2022)

evidence from which it argued that any Walker muffler that contained a lining prior to 1977 contained asbestos, and since Mr. Walker testified that he worked with Walker mufflers that were lined, Plaintiff had met its burden under *Droz*. After carefully looking at the evidence Plaintiff relied on to support the proposition that all Walker mufflers that contained a lining contained asbestos, this Court determined that the evidence relied upon by Plaintiff did not establish, as a factual matter, that all lined Walker mufflers prior to 1977 contained asbestos.

2) The Court will only grant reargument when it has overlooked controlling precedent or legal principles, or misapprehended the law or facts in a way that would have changed the outcome of the underlying decision.[2] Reargument is not an opportunity for a party to revisit arguments already decided by the Court.[3] When seeking reargument based on newly discovered evidence, the movant must demonstrate that the evidence came to his or her knowledge since the motion and could, in the exercise of reasonable diligence, have been discovered for use at the time of the motion.[4]

3) First, Plaintiff maintains that it has discovered new evidence which the Court should consider. Plaintiff relies on two deposition transcripts of Mr.

---

[2] *See Peters, ex rel. Peters v. Texas Instruments, Inc.*, 2012 WL 1622396, at *1 (Del. Super. May 7, 2012), *aff'd*, 58 A.3d 414 (Del. 2013), as revised (Jan. 9, 2013).
[3] *See Id.*
[4] *In Re: Asbestos Litig.*, 2019 WL 6033949 (Del. Super. 2019).

Riska taken in 2016 and 2019 and a deposition of Mr. Haynes in May 2018.[5] Plaintiff argues that this information is "new" because Tenneco did not raise the *Droz* argument until its reply brief and this is its first opportunity to raise this evidence. Giving the Plaintiff the benefit of the doubt that the *Droz* argument was not raised until the reply brief, a Motion for Reargument, after the issuance of a Court decision on the motion, is not the time to raise "new" evidence. There was oral argument in this case on the summary judgment motions, as there always is in the Delaware asbestos litigation. If the Plaintiff had an issue with the record presented, the time to raise that issue was at oral argument and certainly before a decision was rendered by the Court. This Court, when faced with this fact scenario in the past, has allowed additional submissions prior to the issuance of any decision. The attempt to use this evidence at this point is too late. The evidence relied upon has been in existence since at least 2018. It is not new and it was not raised until after this Court rendered its decision.

4)    Plaintiffs next maintain that the Court has misapprehended the facts and misinterpreted the application of *Droz*. This Court has reviewed the entirety of the record on this motion and disagrees. This Court is satisfied that Tenneco has met the burden shifting of *Droz* and that Plaintiff has not carried the burden of

---

[5] Both Riska and Haynes are Rule 30(b)(6) witnesses of Tenneco.

demonstrating that the Walker mufflers he worked with contained asbestos as opposed to non-asbestos lined mufflers.

For the stated reasons Plaintiff's Motion for Reargument be and hereby is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge


cc:     File&ServeXpress